**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

2008 SEP 29 P 12: 48

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No.: 3:08CV631 (JRS) |
| Plaintiff, | COMPLAINT |
| v. | |
| DANIEL'S HEATING &. REFRIGERATION CORPORATION | JURY TRIAL DEMAND |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Robin S. Jenkins and a class of similarly situated female employees, who were adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Dennis Daniel, the owner and president of Daniel's Heating & Refrigeration Corporation, harassed Ms. Jenkins and a class of similarly situated female employees because of their sex, female and subjected them to a hostile work environment on the basis of their sex. The Commission further alleges that Defendant, Daniel's Heating & Refrigeration Corporation ("Defendant") subjected Ms. Jenkins and a class of similarly situated female employees to constructive discharge because they could no longer tolerate the owner's sexual harassment and felt compelled to resign from their employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(A)(1).

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Richmond Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C., Section 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant has continuously been a Virginia corporation doing business in the State of Virginia, and the County of Chesterfield, and has continuously had at least fifteen employees.

5. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Robin Jenkins filed a

charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit has been fulfilled.

7.  Since on or about January 2004, the Defendant has engaged in unlawful employment practices at its Chesterfield office, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a)(1). Specifically, Defendant subjected Robin Jenkins and similarly situated female employees to discrimination based on their sex, by subjecting them to severe and pervasive comments and gestures that created a sexually hostile work environment. The harassment was perpetrated by Defendant's owner and president, Dennis Daniel, who had direct supervisory authority over Robin Jenkins and the other similarly situated female employees.

8.  The effect of the practices complained of in paragraph 7 above has been to deprive Robin Jenkins and a class of similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees based on their sex.

9.  On February 28, 2007, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by constructively discharging Robin Jenkins who could no longer tolerate Defendant's sexually hostile work environment and felt compelled to resign from her job to put an end to Daniel's.sexual harassment. Throughout 2006 and 2007, the Defendant constructively discharged a class of similarly situated female employees who could no longer tolerate Defendant's sexually hostile work environment and felt compelled to resign from their jobs to put an end to Daniel's sexual harassment.

10. The effect of the practice complained in paragraph 9 above has been to deprive Robin Jenkins and a class similarly situated female employees of equal employment opportunities and otherwise adversely affected their status as employees because they engaged in a protected activity under Title VII.

3

11. The unlawful employment practices complained of in paragraph 7 and 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 7 and 9 above were done with malice or with reckless indifference to the federally protected rights of Robin Jenkins and a class of similarly situated females.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex.

B. Order the Defendant to enforce its sexual harassment policy, thus providing protection to women and enabling women to seek equal employment opportunities.

C. Order the Defendant to make whole Robin Jenkins and class of similarly situated females by providing appropriate compensatory relief, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices asserted in paragraphs seven (7) through twelve (12) above.

D. Order the Defendant to make whole Robin Jenkins and a class of similarly situated females by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 9 above, in amounts to be determined at trial.

E. Order the Defendant to make whole Robin Jenkins and class members by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of in

4

paragraph 7 and 9 above, including past and future emotional pain and suffering, humiliation, embarrassment, anxiety, inconvenience, loss of enjoyment of life, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.     Order the Defendant to pay Robin Jenkins and class members punitive damages for its malicious and reckless conduct described in paragraphs 7 and 9 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in the complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, North Carolina
(704) 344-6682
(704) 344-6780 facsimile
Lynette.Barnes@eeoc.gov

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
1801 L Street, N.W., Suite 100
Washington, D.C. 20507
(202) 419-0711
(202) 419-0701 facsimile
Tracy.Spicer@eeoc.gov

SUZANNE L. NYFELER
Virginia State Bar No. 40450
Senior Trial Attorney
830 East MainStreet, Suite 600
Richmond, Virginia
(804)771-2215
(804) 771-2222 facsimile
Suzanne.Nyfeler@eeo